DAVIS ET AL. *v.* OVERMAN ET AL.

[No. 22,417. Filed April 19, 1916.]

1. CONTEMPT.—*Constructive Contempt.*—*Pleading.*—In all construc-
tive contempt cases, civil or criminal, the charge must be specific
and the necessary facts must be stated with such degree of cer-
tainty as is required in a complaint or indictment. p. 651.

2. CONTEMPT.—*Violating Injunctive Order.*—*Pleading.*—Where the
court had granted a decree enjoining the ejecting of plaintiffs from
certain market stalls for the doing of certain specific things, and
providing that plaintiffs might be ejected for certain reasons, an
affidavit charging defendants "wilfully violated the injunction
heretofore issued in said cause" in that they "caused to be ejected
from their respective stalls, herein numbered, the respective plain-
tiffs and these affiants" was insufficient to withstand a demurrer.
p. 651.

3. CONTEMPT.—*Violating Injunctive Order.—Judicial Notice.*— Where an affidavit by plaintiffs for contempt against the defendants for the violation of an injunctive order was filed in the original injunction cause, the court in determining the sufficiency of the affidavit on demurrer was bound to take judicial notice of the contents of the decree therein mentioned, though such rule would not apply to records in another case, even if between the same parties and in relation to the same subject-matter. p. 651.

4. PLEADING. — *Ambiguous Pleading. — Construction.* — Where pleadings are ambiguous, doubts must be resolved against the pleader. p. 652.

From Marion Circuit Court (21,205); *Charles Remster*, Judge.

Proceedings on the affidavit of Frank L. Overman and others charging constructive contempt against William E. Davis and others. From a judgment that they were guilty of contempt, the latter appeal. *Reversed.*

*Joseph B. Kealing*, *Merle N. A. Walker* and *Newton J. McGuire*, for appellants.

*M. M. Bachelder*, for appellees.

MORRIS, C. J.—Appellants Davis, Sisloff and Resoner were members of the board of public safety of Indianapolis, and appellant Shank was market master of east market, in said city. Appellees, Overman, Gibson, Cook, Merklin and Fisher occupied separate stalls in said market and instituted a suit, in the Marion Circuit Court, to enjoin appellants from ejecting appellees from their respective stalls, in cause No. 21,205, entitled *Frank L. Overman et al.* v. *City of Indianapolis et al.* On a hearing of the cause on November 23, 1912, there was a finding for the plaintiffs and decree against appellants which provided that they "be, and the same are hereby enjoined from ejecting the plaintiffs, or any of them from the respective stalls and stands occupied by said respective plaintiffs in the East Market in the City of In-

dianapolis, said stalls and stands being occupied by said plaintiffs, respectively, as follows, to wit: * * * for and during the time until June 1, 1913, and during said time said named defendants be and hereby are enjoined from requiring said plaintiffs, or any of them, to install or place upon their said respective stands or stalls a glass show case and refrigerator box furnished by or proposed to be furnished by any person, firm or corporation, or any particular or uniform glass show case, ·or any uniform refrigerator box of the size and dimensions conforming to any particular specifications, or any specifications adopted by said board of public safety of the City of Indianapolis; and from preventing the plaintiffs from installing and placing upon their said respective stalls or stands a refrigerator box, or glass covered stand with ice box attachment so constructed as to be suitable for holding ice, and so constructed that articles of food kept therein shall be fully protected from all flies, dust, dirt and all other impurities, and from handling by patrons of the market, or prospective purchasers, within 40 days from this date, and in the event said plaintiffs, or any of them fail to install and place upon his said stalls or stands a refrigerator, ice box, or glass covered stand with ice box attachment, so constructed as to be suitable for holding ice, and so constructed that articles of food kept therein shall be fully protected from all flies, dust, dirt and other impurities, and from handling by patrons of the market or prospective purchasers, within 40 days from this date, then, in such case and event said named defendants may eject said plaintiffs, or any of them from said stalls or stands, provided, that nothing in this order and decree shall operate to prevent, nor shall this order and judgment be construed to prevent said Board of Public Safety of the

City of Indianapolis from ejecting any plaintiff from his said stalls or stands for any violation of any ordinance of the City of Indianapolis, in conformity with the provisions of any ordinance of said city, save and except as herein provided. This order and decree shall not operate or be construed to operate to prevent said defendants from exercising any legal right or power vested in said defendants by the ordinances of the City of Indianapolis, or the laws of the State of Indiana, save and except as in this decree provided and set out."

On January 3, 1913, appellees filed in said court, under the title in the injunction suit, their affidavit alleging that appellants "wilfully violated the injunction heretofore issued in said cause, in the following manner to wit: that the said defendants have on this 3rd day of January, 1913, caused to be ejected from their respective stalls, herein numbered, the respective plaintiffs and these affiants." Following this is an allegation of injury and damage to appellees' fixtures and wares in their stalls, succeeded by a prayer for relief, in this language: "And now come these affiants who move the court for a rule against the said defendants to show cause why they should not be punished for contempt of this court and why they should not be ordered to pay the damages done to these respective affiants and why they should not be required to reinstate these respective affiants in their said stalls and why these affiants should not have granted to them all further and proper relief in the premises under the laws of the State of Indiana." A rule was issued against appellants to show cause why they should not be attached for contempt. Appellants appeared and filed a demurrer to the affidavit, for want of facts, and, in their appended memorandum, challenged its sufficiency, among other things, because of its failure

to specify the particular provision of the decree violated; because the mere ejection alleged is not necessarily a violation of the order; because the affidavit fails to allege that appellees' acts are not included in the exceptions contained in the decree. This demurrer was overruled, and, on a hearing, appellants were adjudged guilty of wilful contempt, in violating the injunction, and fined; from which judgment this appeal is prosecuted. At the close of the hearing, appellees moved for leave to dismiss without prejudice, that part of the affidavit pertaining to damages sustained by them as a result of the unlawful acts alleged. The motion was sustained.

Appellants here assign as error the ruling on the demurrer. The proceeding was instituted under §1217 Burns 1914, §1160 R. S. 1881, providing for attachments for contempt for the wilful violation of injunctive orders. In all constructive contempt cases, civil or criminal, the charge must be specific and the necessary facts must be stated with such degree of certainty as is required in a complaint or indictment. *McConnell* v. *State* (1874), 46 Ind. 298; *Ex parte Wright* (1879), 65 Ind. 504, 510; Rapalje, Contempt §§94, 125; Oswald, Contempt 8; 22 Cyc 1022. The only facts alleged in this affidavit (aside from the portion thereof dismissed) are that appellants wilfully violated the injunction by ejecting appellees from their stalls. It is manifest that the affidavit was not sufficient to repel a demurrer or motion to discharge the rule if it was the duty of the court to take judicial notice of the provisions of the injunctive decree, which were omitted from the affidavit. Since this affidavit was filed in the original injunction cause we are of the opinion that the circuit court was bound to take notice

· 652 ` SUPREME COURT OF INDIANA, ·

Morgan Constr. Co. *v.* Dulin—184 Ind. 652.

of its decree therein rendered on November 23, 1912. *Haaren* v. *Mould* (1909), 144 Iowa 296, 122 N. W. 921, 24 L. R. A. (N. S.) 404, note; *State* v. *Walker* (1908), 78 Kan. 680, 97 Pac. 862; *Ex parte Ah Men* (1888), 77 Cal. 198, 19 Pac. 380, 11 Am. St. 263; *Wilson* v. *Calculagraph Co.* (1907), 153 Fed. 961, 83 C. C. A. 77; *Hake* v. *People* (1907), 230 Ill. 174, 82 N. E. 561. However, such rule would not apply to records in another case, though between the same parties, and in relation to the same subject-matter. Note to *Murphy* v. *Citizens Bank* (1907), 11 L. R. A. (N. S.) 616; *State, ex rel.* v. *Branner* (1910), 174 Ind. 684, 686, 93 N. E. 70. Viewing the affidavit in the light of the injunction order, it appears that appellants might have ejected the appellees from their respective stalls without any violation of the decree. Where pleadings are
4. ambiguous doubts must be resolved against the pleader. *Domestic Block Coal Co.* v. *De-Armey* (1913), 179 Ind. 592, 601, 100 N. E. 675, 102 N. E. 99.

Judgment reversed with instructions to sustain appellants' demurrer to the affidavit.

NOTE.—Reported in 112 N. E. 243. See under (1) 9 Cyc 38; (2) 9 Cyc 38, 22 Cyc 1022; (3) 16 Cyc 917, 918; (4) 31 Cyc 78, 81.