STATE EX REL. TROTCKY *v.* HUTCHINSON, JUDGE

[No. 28,220.   Filed October 3, 1946.]

*Joseph & Dann* and *Ernest E. Dillon,* all of Indianapolis, and *Parr, Parr & Parr,* of Lebanon, for relator.

*Adney & Adney,* of Lebanon, and *Johnson & Zechiel,* of Indianapolis, for respondent.

STARR, C. J.—This is an original action filed by the relator against the respondent, Frank E. Hutchinson as Judge of the Circuit Court of Boone County wherein the relator seeks a writ of mandate and a writ of prohibition against the respondent.

The facts in this case are that on March 7, 1944, a final decree was entered against the relator and in favor of Earl Van Sickle and others in the Boone Circuit Court. By the terms of this decree the relator was enjoined from the operation of his business on a certain farm owned by the relator in Marion County, in such a manner as to cause and create a private nuisance to the damage of the said judgment plaintiffs; that on March 23, 1946, the plaintiffs in said action filed and had docketed in the original action their complaint against relator for citation for contempt of court in disobeying said decree. Thereupon, a citation was issued and served upon relator who appeared and after filing certain motions, a demurrer and an answer, filed an affidavit and motion for a change of venue from the respondent as judge. This motion was overruled by the respondent, at which time he stated that he intended to immediately set said cause for trial.

The complaint or petition for citation is fully set out in relator's petition filed herein. We have examined the same and it is our opinion that it is a proceedings in civil contempt. It was brought in the original action. The petition does not allege that relator's "disobedience is wilful and involves a deliberate design to disobey the order as an act of defiance of, and interference with the functions of the court." The State is not a party as required in criminal contempt. *Ex Parte Fennig, Ex Parte Whipple*

(1939), 216 Ind. 298, 23 N. E. (2d) 678. All the parties treated the same as for civil contempt, and the Court in his order to show cause issued thereon commanded the relator to show cause why he should not be fined for the benefit of the plaintiffs and punished for the purpose of securing compliance with the injunction.

The above quoted words are taken from the case of *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313. This case clearly sets out the matters that distinguish a civil from a criminal contempt case.

The question presented to us for decision is whether or not a party is entitled to a change of venue from the judge in a civil contempt case under § 2-1402, Burns' 1933. This statute provides for a change of venue from the judge in "any matter of a civil, statutory or equitable nature not triable by a jury," upon the application of either party or his attorney, made upon affidavit, showing one or more of the reasons named in the statutes of this state authorizing changes of venue from the judge in civil actions.

In the case of *Dale* v. *State* (1926), 198 Ind. 110, 150 N. E. 781, this court said on page 120, "It has been decided by this court as well as by the courts of other jurisdictions that a matter of contempt of court is neither civil nor criminal although it partakes of the nature of both. Neither is the proceeding of contempt in this state a statutory one." Although that case was one of direct criminal contempt we are of the opinion that this quotation is a correct statement of the law and is applicable to all forms of contempt. We are also convinced that civil contempt is not an equitable matter.

Contempt of court is neither civil, criminal nor equitable for the reason that the right to exercise this power

is inherent in all our courts. It is a purely judicial power and is not the creature of legislation and is inalienable and indestructible. *Little* v. *The State* (1883), 90 Ind. 338; *Hawkins* v. *The State* (1890), 125 Ind. 570, 25 N. E. 818; *Hohman* v. *The State* (1885), 105 Ind. 513, 5 N. E. 556. It follows that contempt of court, not being a matter of civil, statutory or equitable nature is not within the terms of said § 2-1402 of our statutes. Furthermore, courts have always been jealous of their inherent judicial powers and due to this fact the great weight of authority is that unless a statute providing for a change of venue specifically gives the right of such change in contempt of court cases, the parties are not entitled to the same. 12 Am. Jur. *Contempt* § 66, p. 433; Rapalje *Contempt* § 110. Gavit's Indiana Pleading and Practice § 560. See also 52 A. L. R. 1294 Note.

In case an act were passed providing for a change of venue in contempt cases whether it would constitute an unwarranted invasion of the inherent judicial powers of our courts is a question neither presented nor decided.

The temporary writ is hereby dissolved and permanent writ denied.

NOTE.—Reported in 68 N. E. (2d) 649.