TROTCKY *v.* VAN SICKLE, ET AL.

[No. 28,415. Filed May 3, 1949.
Rehearing denied June 29, 1949.]

442

*Parr, Parr & Parr,* of Lebanon, and *Joseph & Dann,* of Indianapolis, for appellant.

*Adney and Adney,* of Lebanon, *Johnson and Zechiel,* of Indianapolis, for appellees.

EMMERT, J.—This is an appeal from a judgment entered upon a special finding of facts and conclusions of law, that the appellant was guilty of contempt of court in violating an injunction rendered by the Boone Circuit Court on March 7, 1944, enjoining him from operating his mink farm and horse slaughtering business so as to be a nuisance to the appellees in the enjoyment of their homes and premises. The judgment in this appeal awarded the appellees damages in the sum of $1,750, and ordered him to pay said amount within ten days or be committed to the Boone County jail until the order was complied with.

The amended petition for citation set out a complete copy of the judgment entered March 7, 1944, which contained a specific description of the real estate on which the nuisance was being maintained, and specifically set out certain acts in violation of the injunction.[1] The fourth rhetorical paragraph alleged:

---

[1] The third rhetorical paragraph alleged: "That the defendant has violated the terms of said injunction in that he has not conducted said mink or horse slaughtering business in such manner as not to create foul, noxious, disagreeable and nauseating odors that would adversely affect and disturb these plaintiffs in the enjoyment of their homes and premises, but has on the contrary continued to operate such businesses in such unlawful manner and against and in violation of the court's order of restraint and prohibitions; that said mink pens still emit foul, noxious and disagreeable odors which are blown by the wind over and upon the premises of these plaintiffs, and that noisome odors arise from blood and other offal from the slaughtering of animals, including horses, and accumulate about the premises because of the manner in which said defendant is operating said business and that said accumulation of dirt and filth and putrid matter is noxious and nauseating and throws off disagreeable odors which are blown about by the wind and contaminate the air over and upon the premises of the homes of these plaintiffs, and that all of such is in violation of the court's order and results in unlawful interference of these plaintiffs with their right to live in their homes free from such nauseating odors and smells and

"That all of the acts above described have been in violation of the injunction heretofore granted in this cause and all of the acts complained of in this citation have been done by the defendant since the court fined the defendant in a former citation proceeding, . . ."[2]

The injunction was entered in cause No. 16273, and the first petition for citation as well as the petition in this appeal were all filed in the same cause, the latter proceeding being noticed by this court in *State ex rel. Trotcky* v. *Hutchinson, Judge* (1946), 224 Ind. 443, 444, 68 N. E. 2d 649. Therefore, the Boone Circuit Court took judicial notice of the original injunction cause, and of the two subsequent contempt proceedings filed in the same case. *Davis* v. *Overman* (1916), 184 Ind. 647, 112 N. E. 243. It was not necessary to allege facts concerning which the court took judicial notice. § 2-1046, Burns' 1946 Replacement. The violations of the injunction were continuing in nature, and the time thereof fixed subsequent to the judgment in the first contempt proceedings. All necessary facts were alleged as to time, place and the nature of the acts with sufficient particularity to inform the appellant of the charge he was called upon to answer and defend. There was no error in overruling the motion to discharge the rule and quash the service of citation. The motion to make the amended petition

disagreeable and foul air; that these plaintiffs as a consequence of the above violation have had to close their house doors and windows and live under and with the foul and disagreeable odors and smell; that all of the aforesaid violation of the court's order is particularly noisome."

[2] The record discloses that on December 16, 1944, the Boone Circuit Court rendered the following judgment:

"It is, therefore, considered adjudged and ordered by the court that the defendant is in contempt of court and now fixes the plaintiff's damages at $350.00 which the defendant is ordered to pay within seven (7) days from this date. . . ."

more specific was correctly overruled, and there was no error in overruling the demurrer to such petition.

Finding No. 9 of the special finding stated: "That the plaintiffs rightfully employed counsel to protect their rights and interest under the injunction granted by the court and to bring and prosecute this action in contempt; that the reasonable value of the service of such attorneys in that respect is $1750, and that the plaintiffs have been damaged in such amount because of the acts of the defendant. . . ." Conclusion of law No. 3 stated: "That the plaintiffs have been damaged in the amount of $1750." It thus appears that the judgment for the appellees was for counsel fees in bringing and prosecuting the contempt proceedings. The appellant's contention is that it was error to hear evidence on this question and to assess damages which include counsel fees.

"'The general rule requires each party to the litigation to pay his own counsel fees. Attorney's fees are not allowable in the absence of a statute, or in the absence of some agreement or stipulation specially authorizing the allowance thereof; and it has been held that the rule applies equally in courts of law and in courts of equity." 15 C. J., § 248, p. 114. See 20 C. J. S., § 218, pp. 456, 457; 14 Am. Jur. § 63, pp. 38, 39.

In *State ex rel. Trotcky* v. *Hutchinson, Judge* (1946), 224 Ind. 443, 68 N. E. 2d 649, *supra,* we construed the charge against the appellant to be a civil contempt. The question of including counsel fees as a part of civil relief for the violation of an injunction is of first impression in this state. From the short report of only four lines in *State* v. *Irwin* (1848), 8 Blackf. 567, it appears that the opinion considered the contempt to be criminal in nature, since it was brought in the name of the state by the prosecuting attorney, who was not entitled to a

docket-fee in the case. The authorities from other juris-
dictions are divided on the right to counsel fees in civil
contempt proceedings. 13 C. J., § 138, pp. 90, 91; 17
C. J. S., § 96, p. 138.

However, under § 3-2115, Burns' 1946 Replacement,
there is special provision made for the remedy afforded
the injunction plaintiff when the defendant does the
act in violation thereof. This was noted in *Denny* v. *State*
(1932), 203 Ind. 682, 700, 182 N. E. 313, in the following
language:

"The power of a court of chancery to enforce its
order 'by attachment or otherwise, according to the
exigency of the case' has been preserved to our
circuit courts under the so-called power to punish
for civil contempt, which is properly not a power
to punish, but one to coerce by imprisonment or to im-
pose money penalties for the benefit of the injured party,
or 'to take all necessary measures to secure and indem-
nify the plaintiff against damages in the premises.' "

In *Campbell* v. *Motion Picture Mach. Operators*
(1922), 151 Minn. 238, 186 N. W. 787, the statute pro-
vided that the party guilty of a civil contempt should
"pay the party aggrieved a sum of money sufficient to
indemnify him and satisfy his costs and expenses." It
was held that this provision authorized the inclusion of
counsel fees in the relief.

Under the Indiana divorce statutes, before the amend-
ment of § 17 of Chapter 43 of the 1873 Acts (§ 3-1216,
Burns' 1933) by § 1 of Chapter 160 of the 1939
Acts (§ 3-1216, Burns' 1946 Replacement) this
court held that the "expenses of such suit" in-
cluded a reasonable amount to the wife for counsel fees.
*Harrell* v. *Harrell* (1872), 39 Ind. 185; *Hilker* v. *Hilker*
(1899), 153 Ind. 425, 55 N. E. 81. The order was in
the nature of indemnity to hold her harmless. If an
undertaking given upon the obtaining of a restraining

order or temporary injunction be breached, attorneys' fees may be recovered in an action on the bond, such fees being within the statutory requirement that it cover "all damages and costs which may accrue by reason of the injunction or restraining order." § 3-2107, Burns' 1946 Replacement (Acts 1881 [Spec. Sess.], ch. 38, § 183, p. 240) ; *Robertson* v. *Smith* (1891), 129 Ind. 422, 28 N. E. 857, 15 L. R. A. 273. The language of our civil contempt remedy for violation of an injunction is broader than either the divorce or injunction bond provisions authorizing the allowance of counsel fees. The direction of the statute, § 3-2115, Burns' 1946 Replacement, that "the court shall also take all necessary measures to secure and indemnify the plaintiff against damages in the premises" includes reasonable counsel fees paid or incurred in preparing and prosecuting the contempt proceedings. 17 C. J. S., § 127, pp. 173, 174. Attorneys' fees were properly within the issues, and the objections to the testimony of the witness Elza O. Rogers as to the value thereof, as revealed by the motion for new trial set out in appellant's brief, were properly overruled. The findings were sustained by sufficient evidence and were not contrary to law. The damages assessed were not excessive nor was the amount of the recovery too large. The appellant cannot complain because other items of damages were not included in the judgment against him.

The appellant's motion to modify the judgment averred, among other allegations, that the court had no power to imprison the appellant for non-payment of the judgment.[3] The imprisonment order was coercive, and was not for debt within the pro-

---

[3] "Upon the special findings and conclusions the court now renders judgment for the plaintiff(s) and against the defendant for damages in the sum of $1750.00 and costs, and orders the judgment for damages paid to the Clerk of the court for the use

hibition of § 22 of Article 1 of the Constitution of Indiana. *Stonehill* v. *Stonehill* (1890), 146 Ind. 445, 447, 45 N. E. 600; *Perry* v. *Pernet* (1905), 165 Ind. 67, 74 N. E. 609; 13 C. J., § 135, p. 89. In *Bangs* v. *Northern Indiana Power Co.* (1937), 211 Ind. 628, 6 N. E. 2d 563, the judgment of the trial court adjudged the appellants guilty of a civil contempt, and each was ordered committed to jail until the judgments assessed were paid. Chief Justice Tremain, speaking for the court, said:

> "This court recognizes the rule, and so holds, that in cases of civil contempt a money judgment in favor of the appellee for damages suffered is a proper remedy, and the payment thereof may be enforced by a coercive order, such as imprisonment, until the judgment is paid and satisfied. (p. 636.)

> "The courts of this state, as well as the Federal courts, recognize that the court possesses the power and authority to award to a complainant in a civil contempt proceeding, as compensation for damages suffered, a money judgment and secure it by coercive measures; if necessary, to imprison the party until such judgment is performed by the payment of the sum awarded." (p. 638.)

As was said in *In Re Nevitt* (1902), 117 Fed. 448, 461, the appellant "carries the keys of his prison in his own pocket." He can terminate his imprisonment at any time by paying the amount of the judgment. See also *Gompers* v. *Buck Stove & Range Co.* (1911), 221 U. S. 418, 55 L. Ed. 797, 31 S. Ct. 492, 34 L. R. A. (N. S.) 874; *United States* v. *United Mines Workers of America* (1947), 330 U. S. 258, 91 L. Ed. 884, 67 S. Ct. 677;

---

of plaintiffs within ten days from date hereof and in the event said defendant does not pay said judgment within said time he shall be committed to the Boone County jail until he has complied with this order and the Sheriff of Boone County is directed, in such event, to seize the defendant and confine him in said jail until the defendant has complied with this order and released by this court."

*Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313, *supra*.

The record here discloses continued contumacy by the appellant. This is the second proceedings for violation of the same injunction. The trial court found he intentionally did the acts which were in violation of the injunction. The record does not disclose any abuse of discretion by the trial court, nor is there any reversible error presented to this court by the record.

The judgment is affirmed.

NOTE.—Reported in 85 N. E. 2d 638.