**STATE of Indiana, Appellant**
**(Plaintiff Below),**

v.

**William HELTZEL and Mark Kiesling,**
**Appellees (Defendants Below).**

No. 45A03–8802–CR–54.

Court of Appeals of Indiana,
Third District.

Aug. 18, 1988.

Linley E. Pearson, Atty. Gen., Indianapolis, Jack F. Crawford, Pros. Atty., Michael S. Vass, Deputy Pros. Atty., Crown Point, for appellant.

David C. Jensen, Richard A. Hanning, Charles W. Webster, Eichhorn, Eichhorn & Link, Hammond, for appellees.

OPINION ON MOTION TO DISMISS

HOFFMAN, Judge.

This is an appeal from a dismissal of a complaint for indirect contempt.

The appellees have filed a motion to dismiss the appeal asserting two grounds:

(1) that the appellant failed to file a pre-appeal statement under Appellate Rule 2(C); and

(2) that the motion to correct errors is defective in that it is not specific as required by Trial Rule 59(D)(2).

Proceedings for contempt of court are *sui generis* and both the Indiana Supreme Court and this Court have held that contempt proceedings are neither civil actions nor are they prosecutions for offenses within the ordinary meaning of these terms. In the case of *State ex rel. Grile v. Allen Circuit Court* (1967), 249 Ind. 173, 231 N.E.2d 138, the court quotes from the earlier case of *State ex rel. Trotcky v. Hutchinson* (1946), 224 Ind. 443, 68 N.E.2d 649 as follows:

"Contempt of court is neither civil, criminal nor equitable for the reason that the

right to exercise this power is inherent in all our courts. It is purely judicial power and is not the creature of legislation and is inalienable and indestructible. (Citations) It follows that contempt of court, not being a matter of civil, statutory or equitable nature is not within the terms of said § 2–1402 of our statutes. Furthermore, courts have always been jealous of their inherent judicial powers and due to this fact the great weight of authority is that unless a statute providing for a change of venue specifically gives the right of such change in contempt of court cases, the parties are not entitled to the same. (Citations)"

*See also State v. Shumaker* (1928), 200 Ind. 716, 164 N.E. 408; *Niemeyer v. McCarty* (1943), 221 Ind. 688, 51 N.E.2d 365; *State ex rel. Neal et al. v. Hamilton C.Ct.* (1967), 248 Ind. 130, 224 N.E.2d 55; *Linton v. Linton* (1975), 166 Ind. App. 409, 336 N.E.2d 687; and *T.T. v. State* (1982), Ind.App., 439 N.E.2d 655.

Appellate Rule 2(C)(1) begins: "In civil appeals taken to the Court of Appeals...."

Since contempt is neither civil, criminal nor equitable, it does not come within Appellate Rule 2(C)(1) and appellant was not required to make such filing.

We have examined the appellant's motion to correct errors and find that although it lacks a great deal is sufficiently specific to frame the errors the appellant asserts and is not so defective that it fails to inform the trial court of the alleged errors.

Motion to dismiss denied.

STATON and NEAL, JJ., concur.