Kimberly CROWL, now Bowen,
Appellant–Respondent,

v.

Raymond and Kay BERRYHILL,
Appellees–Intervenors.

No. 17A03–9603–CV–81.

Court of Appeals of Indiana.

April 10, 1997.

Claramary Winebrenner, VanHorne, Turner & Stuckey, Auburn, for Appellant–Respondent.

Bruce M. Frey, Marion, for Appellees–Intervenors.

Pamela Carter, Attorney General, Jon Laramore, Chief Counsel, Appeals Division, Indianapolis, for Amicus Curiae.

## OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

Kimberly Crowl, now Bowen, ("Kimberly"), appeals from the trial court's order holding her in contempt of court for failing to comply with a provisional visitation order which provided her parents, Raymond and Kay Berryhill (the "Grandparents"), visitation with Kimberly's two minor daughters. In addition to its finding of contempt, the trial court ordered Kimberly to pay $5,000.00 for the Grandparents' attorney's fees. In her appeal, Kimberly attempts to bring a constitutional challenge to Indiana's Grandparent Visitation Statute ("GVS"), Indiana Code § 31–1–11.7–1 *et seq.*, as amended July 1, 1993. Because of the procedural posture of this case, we need not reach the merits of Kimberly's constitutional claim.

We affirm.

### ISSUES

1. Whether the trial court abused its discretion when it held Kimberly in contempt of court for violating the court's provisional visitation order.

2. Whether the trial court erred when it ordered Kimberly to pay $5,000.00 for the Grandparents' attorney's fees.

### FACTS AND PROCEDURAL HISTORY

Kimberly and Michael Crowl were divorced and Kimberly was granted custody of the couple's two minor daughters, Kecia and Megan. On August 12, 1993, Kimberly's parents, the Grandparents, filed their amended petition to establish visitation with Kecia and Megan. Pending the court's final decision regarding the Grandparents' petition, on Au-

gust 8, 1994, the parties filed a stipulation with the court providing for temporary visitation. The court approved the parties' stipulation and ordered that the Grandparents were to have visitation with Kecia and Megan on the first and third Saturdays of each month from 10:00 a.m. until 4:00 p.m. When Kimberly repeatedly failed to comply with the provisional visitation order, the Grandparents filed several petitions for rule to show cause against Kimberly. After hearing evidence on the Grandparents' third and fourth petitions for rule to show cause, the court took the matter of Kimberly's alleged contempt under advisement. Meanwhile, Kimberly moved for summary judgment arguing that the GVS is unconstitutional. On February 1, 1996, following a hearing, the trial court denied Kimberly's motion for summary judgment. Thereafter, on February 5, 1996, the court ruled on the contempt matter and found Kimberly in contempt of court. The court entered a money judgment against Kimberly for the Grandparents' attorney's fees. It is the order holding Kimberly in contempt from which Kimberly brings her appeal.

## DISCUSSION AND DECISION
### Issue One: Contempt Order

Kimberly contends that the court's visitation order is unconstitutional and, thus, her repeated violations of that order could not support a finding of contempt. We disagree.

Whether a party is in contempt of court is a matter left to the discretion of the trial court. *State ex rel. Prosser v. Ind. Waste Sys.*, 603 N.E.2d 181, 185 (Ind.Ct.App. 1992). We reverse a trial court's finding of contempt only if it is against the logic and effect of the facts and circumstances before the court and any reasonable inferences arising therefrom. *Id.*

Uncontradicted evidence that a party is aware of a court order and willfully disobeys it is sufficient to support a finding of contempt. *Jackson v. Farmers State Bank*, 481 N.E.2d 395, 402 (Ind.Ct.App.1985), *trans. denied.* Even if that order is erroneous, it must still be obeyed until reversed on

appeal. *Id.* A party's remedy for an erroneous order is appeal and disobedience of the order is contempt. *Id.*

Kimberly concedes that she willfully disobeyed the trial court's visitation order yet asserts that the order is based upon an unconstitutional statute and, therefore, cannot support a finding of contempt. In raising the constitutionality of the GVS in this appeal, Kimberly seeks to collaterally attack the trial court's underlying visitation order. Although a collateral attack is permitted if the trial court lacked subject matter or personal jurisdiction to enter an order, *Clark v. Atkins*, 489 N.E.2d 90, 96 (Ind.Ct.App.1986), *trans. denied,* the trial court here clearly had jurisdiction of the subject matter as well as of the parties. Because its judgment was not void, it is not subject to collateral attack. *Richardson v. Lake Cty. Dept. of Pub. Welfare*, 439 N.E.2d 722, 724 (Ind.Ct.App.1982).

Nevertheless, Kimberly maintains that the court's provisional visitation order is void *ab initio* as nothing in the GVS permits the trial court to enter a provisional visitation order. However, we agree with the Grandparents that Kimberly stipulated to the provisional order and cannot now assert such error. A party may not take advantage of an error which she commits, invites, or which is the natural consequences of her own neglect or misconduct. *Stolberg v. Stolberg*, 538 N.E.2d 1, 5 (Ind.Ct.App.1989). Invited error is not subject to review by this court. *Id.*

Because Kimberly brings her appeal from the trial court's contempt order, we do not reach the merits of her constitutional claim. "Contempt proceedings are not actions designed to correct errors previously made by trial courts." *Clark*, 489 N.E.2d at 96. Instead, they are intended "to vindicate the courts' dignity and to enforce litigants' rights pursuant to court orders." *Id.* Therefore, in this appeal, we cannot inquire into the correctness of the trial court's visitation order or the trial court's denial of Kimberly's motion for summary judgment, as both would be impermissible collateral attacks.[1] *See id.* Such is the case even

---

1. We note that Kimberly could have requested the court to certify its provisional visitation order or its denial of her motion for summary judg-ment for appeal and brought an interlocutory appeal regarding the constitutionality of the GVS.

though the questions raised concerning the court's orders are constitutional in nature. *Id.* (citing *Walker v. City of Birmingham,* 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967)). The trial court did not abuse its discretion when it found Kimberly in contempt of court.

### Issue Two: Attorney's Fees

Notwithstanding our conclusion that the trial court properly found Kimberly in contempt, Kimberly maintains that the trial court erred when it ordered her to pay $5,000.00 for the Grandparents' attorney's fees. Again, we must disagree.

■■■ Several Indiana cases have recognized that attorney's fees may be awarded for civil contempt. *Thomas v. Woollen,* 255 Ind. 612, 615, 266 N.E.2d 20, 22 (1971); *Chadwick v. Alleshouse,* 250 Ind. 348, 355, 233 N.E.2d 162, 166 (1968); *Trotcky v. Van Sickle,* 227 Ind. 441, 445–46, 85 N.E.2d 638, 641 (1949); *Bayless v. Bayless,* 580 N.E.2d 962, 964 n. 1 (Ind.Ct.App.1991), *trans. denied; Clark v. Atkins,* 489 N.E.2d 90, 98 (Ind.Ct.App.1986); *Haycraft v. Haycraft,* 176 Ind.App. 211, 216, 375 N.E.2d 252, 255 (1978); *Marburger v. Marburger,* 175 Ind.App. 612, 616 n. 4, 372 N.E.2d 1250, 1253 n. 4 (Ind.Ct.App.1978). We note that each of the above-mentioned cases involved the violation of court orders regarding dissolution of marriage, noncustodial parent-child visitation, or injunctions and restraining orders, each type of contempt having independent statutory authority to support an award of attorney's fees even though the reviewing court often failed to cite or explicitly rely on such statutory authority. *See* IND. CODE § 31–1–11.5–16 (authorizing attorney's fees in all proceedings connected to dissolution of marriage); IND. CODE § 31–1–11.5–24(c) (permitting reasonable attorney's fees in any action filed to enforce or modify order granting or denying visitation rights to noncustodial parent); IND. CODE § 34–1–10–11 (providing attorney's fees in actions to enforce injunctions or restraining orders). Moreover, we recognize that Indiana follows the American rule which requires each party to litigation to pay his or her own attorney's fees absent statutory authority, agreement, or rule to the contrary, *Johnson v. Sprague,* 614 N.E.2d 585, 590 (Ind.Ct.App.1993), and that the GVS contains no specific provision authorizing attorney's fees in an action filed pursuant to that chapter. Nevertheless, we conclude that a trial court has inherent authority to award attorney's fees for civil contempt.

■■■ Time and time again, Indiana appellate courts have recognized the inherent judicial power to deal with contempt. "Contempt of court is neither civil, criminal nor equitable for the reason that the right to exercise this power is inherent in all our courts. It is purely judicial power and is not the creature of legislation and is inalienable and indestructible." *State v. Heltzel,* 526 N.E.2d 1229, 1230 (Ind.Ct.App.1988) (quoting *State ex rel. Trotcky v. Hutchinson,* 224 Ind. 443, 68 N.E.2d 649). Indeed, "[t]o deny a court the power to enforce obedience to its lawful orders against parties who have been subjected properly to its jurisdiction in the first instance, is to nullify its effectiveness as an independent branch of government." *State ex rel. Brubaker v. Pritchard,* 236 Ind. 222, 226–27, 138 N.E.2d 233, 235 (1956). No statutory sanction is needed as a court's power to enforce compliance with its orders and decrees duly entered is inherent. *Id.*

■■■ A court's inherent civil contempt powers are both coercive and remedial in nature. Thus, civil contempts may seek both to coerce behavior and to compensate an aggrieved party when a court order is violated. *See Thomas,* 255 Ind. at 615, 266 N.E.2d at 23; *see also Thrasher v. Van Buren Tp.,* 182 Ind.App. 121, 129, 394 N.E.2d 215, 220 (1979). As our supreme court has explained, "[a] civil contempt is a violation of a court order which results in a proceeding for the benefit of the aggrieved party. It is not an offense primarily against the dignity of the court, but rather is for the benefit of the party who has been injured or damaged by the failure of another to conform to a court order issued for the private benefit of the aggrieved party." *Duemling v. Fort Wayne*

**832**

*Community Concerts, Inc.,* 243 Ind. 521, 524–25, 188 N.E.2d 274, 276 (1963). Accordingly, apart from any statutory authority, a court has the inherent authority to enforce its orders and to compensate the aggrieved party for losses and damages resulting from another's contemptuous actions.

■ Here, the trial court's award of attorney's fees was a compensatory remedy fashioned to compensate the Grandparents for expenses incurred due to Kimberly's contempt. The trial court specifically found that despite her stipulation, and the resulting court order for provisional visitation, Kimberly intentionally sabotaged visitation. While at the time of the provisional order she represented to the court that she believed that visitation with the Grandparents was in her children's best interests, the record is clear that Kimberly did not have any intention of obeying the court order and permitting the Grandparents to visit with the children. Instead, the Grandparents were forced to resort to the contempt powers of the trial court. As a result of Kimberly's willful conduct, "a large amount of time and resources of the [Grandparents] have been wasted." Record at 259–60. The trial court's award of attorney's fees to the Grandparents was a proper exercise of the court's inherent authority to compensate an aggrieved party. We find no error.

Affirmed.

HOFFMAN and ROBERTSON, JJ., concur.