**William T. COWART, Appellant (Petitioner below),**

v.

**Cathy Jo (Cowart) WHITE, Appellee (Respondent below).**

**No. 29S02–9906–CV–355.**

Supreme Court of Indiana.

Sept. 22, 1999.

Nancy G. Endsley, Indianapolis, Indiana, Attorney for Appellant.

Eric J. Benner, Noblesville, Indiana, Attorney for Appellee.

**ON PETITION FOR REHEARING·**

BOEHM, Justice.

Cowart has petitioned for rehearing, contending that the opinion published at 711 N.E.2d 523, conflicts with federal bankruptcy law by finding Cowart susceptible to state court contempt for actions that would be prohibited by federal law. This point relates only to the properties that were divided 60–40 by the dissolution court. The contention is that because some of the properties were jointly owned at the time Cowart filed bankruptcy, his interest in the properties became an asset of the bankruptcy estate and therefore any effort by him to exercise control over the properties or to sell them during the bankruptcy would violate the bankruptcy stay. Although we believe these propositions are correct, they do not meet the points that (1) White's interests in the properties survived the bankruptcy; and (2) during the pendency of the bankruptcy Cowart had obligations not to frustrate his co-tenant's efforts to preserve and maintain the property. The trial court recognized, and we agree, that the filing of the bankruptcy prevented the sale of the property without approval of the bankruptcy court. That was not challenged in this appeal. Rather, the contempt issue is presented by Cowart's other actions.

We described the holding as permitting enforcement of obligations to sell and divide property without violating the bankruptcy injunction. A more precise way to state that point is that the dissolution court's ordered disposition of the properties survives the bankruptcy. We did not mean to suggest that Cowart could be held in contempt simply for failing, during the period when his interests in two of the properties were assets of the bankruptcy, to sell those properties. However, he may be held in contempt for actions that were taken to frustrate the maintenance of those properties or prevent their sale or otherwise interfere with White's interests in the properties.

SHEPARD, C.J., and DICKSON and SELBY, JJ., concur.

SULLIVAN, J., would deny rehearing.