**In the Matter of Craig R. BENSON, Respondent.**

No. 53S00–1304–DI–281.

Supreme Court of Indiana.

June 2, 2014.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable David M. Brinley,

who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** Respondent represented two companies (together "clients") in a debt collection action brought against them by "Co–Alliance." While the collection action was pending, the clients reached an agreement to sell their assets to a third party for $75,000. Co–Alliance filed a motion for prejudgment attachment prohibiting the clients from distributing any monies received from the sale. On January 7, 2010, Judge Matthew Hansen of the Morgan Circuit Court entered an order setting the matter for hearing on February 22 and ordering that any sale proceeds not be distributed until the court ruled on a motion. On February 11, the sale was completed and the $75,000 in proceeds were deposited into Respondent's trust account. On February 22, the trial court entered an order directing the clients remit any sale proceeds to the clerk of the court and stating that prior orders were to remain in place.

On February 26, 2010, Respondent filed a motion for partial relief from the court's orders regarding the sales proceeds, seeking permission to use the sale proceeds to pay about $16,000 to various creditors plus about $24,000 to Respondent for attorney fees. Respondent did not disclose that he had already made partial distribution of the sales proceeds on February 17. Respondent testified that he believed that the clients had the right to pay creditors regardless of what the trial court had ordered. He contended that he was following his clients' instructions in making the payments, but the clients were acting on

his legal advice that they had the right to pay the chosen creditors despite the order saying they could not.

On March 4, 2010, the trial court denied Respondent's motion for partial relief, reaffirming its prior orders prohibiting distribution of the sales proceeds. On March 22, Co–Alliance filed a motion for an accounting, which the court granted. Respondent filed an accounting on April 7 showing that the sales proceeds were deposited into his escrow account without any indication that part of the proceeds had been distributed.

After a hearing, the trial court entered an order of prejudgment attachment on June 18, 2010, which ordered that the full proceeds of the sale be provided to and held by the clerk of the court until further order of the court. Respondent failed to remit any of the proceeds to the clerk. Instead, he continued to distribute the remainder of the proceeds to pay debts of the clients, including tax obligations. By June 26, Respondent had distributed the entire $75,000 to various creditors of the clients, including approximately $38,000 to himself for attorney fees.

On or about June 27, 2010, Respondent filed bankruptcy petitions on behalf of the clients. Respondent advised clients to file for bankruptcy to remove jurisdiction from the state trial court to circumvent the trial court's orders.

On August 12, 2010, Co–Alliance filed a motion in the state trial court to find Respondent in contempt ("Contempt Motion"). The trial court held a hearing at which Respondent admitted that he was aware of the orders prohibiting the distribution of the sale proceeds and that he distributed funds from the sale after the orders were issued. The trial court entered an order ("Contempt Order") finding Respondent in contempt, fining him $75,000, and ordering him incarcerated un-

til the fine was paid. Respondent spent two days in jail before he paid the fine and was released. Respondent appealed the Contempt Order to the Court of Appeals, which affirmed. *See In re the Order of Contempt against Benson,* 955 N.E.2d 215 (Ind.Ct.App.2011), *trans. denied.*

*Aggravating and mitigating facts.* The hearing officer found the following facts in aggravation: (1) Respondent engaged in dishonesty in failing to advise the trial court that he had already made distributions from the sale proceeds when he sought leave to do so; (2) Respondent committed the misconduct for personal gain; and (3) Respondent does not acknowledge his wrongdoing, lacks insight regarding his misconduct, and lacks remorse. The hearing officer found the following facts in mitigation: (1) Respondent has no prior disciplinary history; and (2) Respondent has already suffered other penalties for his misconduct, i.e., two days imprisonment and a $75,000 fine.

**Violations:** Respondent is charged with violating these Indiana Professional Conduct Rules prohibiting the following misconduct:

3.4(c): Knowingly disobeying a court order.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

*Arguments in Respondent's brief in support of his petition for review.* In this brief, the only defenses Respondent asserts depend on the effect of the clients' filing for bankruptcy relief. Generally, when a debtor files for bankruptcy relief, the debtor's property becomes property of a bankruptcy estate that is under the exclusive jurisdiction of the bankruptcy court (by referral from the district court). *See* 11 U.S.C. § 541(a); 28 U.S.C. § 1334(e). The filing for bankruptcy relief also gives rise to an automatic stay of most actions to collect a debt from the debtor or the bankruptcy estate. *See* 11 U.S.C. § 362(a). In considering Respondent's appeal of the Contempt Order, the Court of Appeals rejected Respondent's arguments that his clients' bankruptcy filing barred the trial court from fining him for contempt, concluding that the $75,000 fine Respondent was ordered to pay came from his personal money, not property of the bankruptcy estate, and was therefore not subject to the bankruptcy court's jurisdiction. 955 N.E.2d at 221–24.

In his brief in support of his petition for review, Respondent states that the question presented to this Court is whether the hearing officer incorrectly relied on *Cowart v. White,* 711 N.E.2d 523, *clarified on reh'g,* 716 N.E.2d 401 (Ind.1999), in concluding that the trial court had jurisdiction to enter the Contempt Order. In the *Cowart* opinion, this Court recited the well-settled principle that when one party in a dissolution action files for bankruptcy relief, the bankruptcy court and the dissolution court have concurrent jurisdiction to determine what obligations are nondischargeable debts for "maintenance or support." *See* 711 N.E.2d at 528. Respondent points out that the action in the trial court was not a dissolution case and did not involve any issue of dischargeability. However, state and bankruptcy courts have concurrent jurisdiction in other circumstances. *See, e.g.,* 28 U.S.C. § 1334(b) (bankruptcy jurisdiction nonexclusive in civil proceedings related to bankruptcy case). Moreover, even if the trial court lacked jurisdiction over the contempt matter (an issue already decided adversely to Respondent in his appeal of the Contempt Order), it would have no conceivable effect on *this Court's* jurisdiction in this *disciplinary matter* against Respondent for his actions taken *before the bankruptcy petitions were even filed.*

Respondent also argues that the creditors' filing of the Contempt Motion constituted an action to collect debts owing to them in violation of the automatic stay and was thus void. The Contempt Motion, however, was directed at Respondent, not his clients in bankruptcy. And even if the creditor's filing of the motion were a violation of the automatic stay, this would not exonerate Respondent from charges of professional misconduct.

*Arguments in Respondents' reply brief.* In his reply brief, Respondent asserts, for the first time in the review proceeding before this Court, that he did not violate Rule 3.4(c) because his disobedience to the trial court's orders was "an open refusal based on an assertion that no valid obligation existed." The gist of his argument is that he believed Co–Alliance held unsecured claims against his clients, that he openly objected to efforts by Co–Alliance to obtain a preferred position vis-a-vis the clients' other unsecured creditors, and that he believed that no court has the ability to control what business expenses are paid by a company.

These arguments focus on whether the trial court's orders were correct, not whether they were valid. This Court has held that one "must follow an erroneous order. The only remedy from an erroneous order is appeal and disobedience thereto is contempt." *City of Gary v. Major,* 822 N.E.2d 165, 169–70 (Ind.2005). Moreover, while Respondent openly argued against entry of the orders, he did *not* openly refuse to obey them. On the contrary, when he filed a motion for leave to distribute some of the sale proceeds, he chose not to disclose that he had already made the requested partial distributions. He then filed a deceptive accounting that did not disclose the partial distributions, and he secretly continued to distribute the remainder of the sales proceeds.

Respondent professes concern that the trial court's orders would somehow give Co–Alliance an unfair advantage over other unsecured creditors of his clients. However, the Bankruptcy Code provides for the avoidance of a variety of pre-petition transfers and liens to facilitate an equitable distribution to all unsecured creditors. *See* 11 U.S.C. §§ 544 through 548. Rather than turning the sales proceeds over to the trial court clerk in compliance with the trial court's orders and then allowing the clients' subsequent bankruptcies to proceed in accordance with the Bankruptcy Code, Respondent defied the trial court's orders and instead made pre-bankruptcy distributions to certain favored unsecured creditors, including himself.

Respondent contends that he was only following his clients' instructions and acting in their best interests. As noted, however, the clients were following Respondent's legal advice that they could defy the order. Moreover, Respondent's obligation to follow his clients' decisions, *see* Prof. Cond. R. 1.2(a), does not extend to violating the ethical prohibition against knowingly disobeying a court order.

*Conclusion.* For the reasons stated above, the Court concludes that Respondent violated the Professional Conduct Rules as charged by the Commission.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 180 days, without automatic reinstatement, beginning July 14, 2014.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for rein-

statement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DAVID, J., who dissents regarding the sanction, believing that more severe discipline is warranted.