Steven M. **MEYER,** Appellant–Plaintiff,

v.

Gloria **WOLVOS,** Appellee–Defendant.

No. 71A05–9711–CV–465.

Court of Appeals of Indiana.

March 29, 1999.

Rehearing Denied May 13, 1999.

---

Donald E. Wertheimer, South Bend, Indiana, Attorney for Appellant.

Brent E. Inabnit, South Bend, Indiana, Attorney for Appellee.

## OPINION

RATLIFF, Senior Judge

### STATEMENT OF THE CASE

Plaintiff–Appellant Steven M. Meyer ("Meyer") appeals from an order finding him in contempt of court and dismissing his case against Defendant–Appellee Gloria Wolvos ("Wolvos").

We affirm.

### ISSUE

Meyer raises several issues for our review. However, the following restated issue is dispositive: whether the trial court abused its discretion in finding Meyer in contempt of court and dismissing his case.

### FACTS AND PROCEDURAL HISTORY

Meyer, the optionee, and Wolvos, the owner, entered into a real-estate option agreement which was the subject of an appeal decided by this court. Meyer petitioned for transfer of his appeal to the Indiana Supreme Court which was granted. That opinion is reported as *Wolvos v. Meyer*, 668 N.E.2d 671 (Ind.1996). The supreme court affirmed the trial court's order granting Meyer's motion for partial summary judgment on his specific performance claim against Wolvos and affirmed the trial court's order that Wolvos comply with the terms of the option agreement.

After Meyer failed to close on the real estate, Wolvos filed a Motion to Appoint a Commissioner, an Application for Contempt

Citation, and a Request for Damages. The trial court heard oral argument and on February 28, 1997, ordered the parties to (1) execute a purchase agreement, (2) close the real estate transaction on or before April 15, 1997, and (3) ordered Meyer to pay $150,000 to Wolvos and $10,000 into an escrow account. The trial court reserved a damages issue until after completion of the transaction. Meyer belatedly executed a purchase agreement on April 21, 1997, but did not close the real estate transaction, and did not make the payment to Wolvos or into the escrow account.

Wolvos filed a Verified Application for a Rule to Show Cause. On April 23, 1997, the trial court issued a Rule to Show Cause. At that hearing Meyer argued that he wanted to postpone closing on the transaction until he was satisfied with Wolvos' compliance with the environmental remediation of the property. Wolvos had furnished Meyer with an IDEM report and reports from Safety Environmental Resources, Inc., an environmental remediation company, concerning remedial work it had performed on the property. The trial court provided Meyer with an additional five days in which to comply with the court's order to close on the transaction. The trial court also indicated at that hearing, that if Meyer failed to comply with the order, the case would be dismissed with prejudice. Meyer failed to comply with the trial court's order. On May 6, 1997, the trial court found Meyer in contempt of court and dismissed the case with prejudice. Meyer now appeals the contempt citation and dismissal of his case.

## DISCUSSION AND DECISION

Before a person can be punished for contempt of a court's order, the trial court must have issued an order commanding the party to do or refrain from doing something. *Meade v. Levett,* 671 N.E.2d 1172, 1181 (Ind.Ct.App.1996). When a person fails to abide by a court's order, that person bears the burden of showing that the violation was not willful. *Id.* Orders of a court must be clear and certain so that there can be no question as to what the person must do or not do, and no question regarding when the

order is violated. *Martinal v. Lake O' the Woods Club Inc.,* 248 Ind. 252, 254, 225 N.E.2d 183, 185 (1967).

Indirect contempt is the willful disobedience of any lawfully entered court order of which the offender had notice. *Hanson v. Spolnik,* 685 N.E.2d 71, 82 (Ind.Ct.App.1997). Whether a person is in contempt of a court order is a matter left to the trial court's discretion. *Id.* Upon review, we will reverse the trial court's determination only where an abuse of discretion has been shown. *Id.* An abuse of discretion occurs only when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

Uncontradicted evidence that a party is aware of a court order and willfully disobeys it is sufficient to support a finding of contempt. *Crowl v. Berryhill,* 678 N.E.2d 828, 830 (Ind.Ct.App.1997). We have recognized the inherent judicial power to deal with contempt. *Id.* at 831. No statutory sanction is needed as a court's power to enforce compliance with its orders and decrees duly entered is inherent. *Id.*

We have held that a court's inherent civil contempt powers are both coercive and remedial in nature. *Id.* Civil contempts may seek to coerce behavior and to compensate an aggrieved party when a court order is violated. *Id.* A civil contempt is not an offense against the dignity of the court, but is for the benefit of a party damaged by the failure of another to comply with a court order issued for the benefit of the aggrieved party. *Id.*

Meyer contends that the trial court's order finding him in contempt of court was clearly erroneous and an abuse of discretion. Meyer does not claim that he was unaware of the court's order, the possible sanction, or the terms of the order. Instead, he claims that his noncompliance with the trial court's order was beyond his control and not willful, thus purging him of any contempt, because of Wolvos' conduct. Specifically, he does not argue that Wolvos failed to remediate the property, but that he is not satisfied with Wolvos' remediation of the property, which was her obligation under the option agreement. Meyer claims that he does not have to

close on the real estate transaction until Wolvos performs that part of the agreement to his satisfaction.

However, the issue of specific performance of the option agreement was already litigated and appealed to the Indiana Supreme Court by Meyer who prevailed. The supreme court held that Wolvos was required to enter into a standard purchase agreement with Meyer. *Wolvos*, 668 N.E.2d at 678. Meyer, the party who sought specific performance of the agreement, refused to close the transaction in spite of the trial court's order to close the transaction. Moreover, after Meyer presented his argument to the trial court, the trial court reserved the issue of damages relating to Meyer's dissatisfaction with the environmental remediation and Meyer's costs to find other suitable property for a later hearing.

Meyer claims the trial court did not have the power to order the dismissal of his complaint. We disagree. The trial court did not abuse its discretion in finding Meyer in contempt of court and dismissing his case with prejudice. Meyer was the party who obtained a ruling from the trial court for specific performance of the option agreement. The supreme court affirmed the trial court's order granting Meyer's request. The trial court then specifically ordered the parties to enter into a standard purchase agreement, close the transaction, and pay the purchase price. The trial court provided Meyer with additional time in which to purge himself of contempt, and warned Meyer about the consequences of failing to perform.

Dismissal of a complaint has been found to be an appropriate sanction for noncompliance with a discovery order. *Marshall v. Woodruff*, 631 N.E.2d 3, 5 (Ind.Ct.App.1994). Moreover, in those situations a trial court is not necessarily required to impose a lesser sanction before dismissal or default judgment. *Id.* This is especially true when the disobedient party has demonstrated contumacious disregard for the court's order to the extent that it has or threatens to delay or obstruct the rights of the opposing party so that any other relief would be inadequate. *Nesses v. Specialty Connectors Co., Inc.*, 564 N.E.2d 322, 327 (Ind.Ct.App.1990). However, we recognize that dismissal due to violation of a discovery order is provided for in the trial rules. See Ind. Trial Rule 37(B)(2)(c).

Our court also has upheld dismissal of an action for violations of non-discovery orders. In *Wilson v. Palmer*, 452 N.E.2d 426, 430 (Ind.Ct.App.1983), we opined that if a party failed to comply with a court order requiring that party to amend a complaint in order to comply with the trial rule, and the party failed to amend the complaint within a reasonable time, then the complaint should be dismissed after a T.R. 41(E) hearing. We described that procedure as being similar to the procedure followed under T.R. 12(E), which allows a court to strike a pleading for failure to comply with a court order to make a more definite statement. *Id.* We cited to *Farinelli v. Campagna*, 166 Ind.App. 587, 338 N.E.2d 299 (1975), to support our opinion that dismissal in those situations is for failure to comply with the rules and court orders. *Id.*

In *Farinelli v. Campagna*, 166 Ind.App. 587, 338 N.E.2d 299, 300 (1975), we were faced with the issue of the propriety of dismissal of a cause of action for, among other things, failure to comply with an order entered by the trial court at the close of a pretrial conference. We rejected Farinelli's argument that the trial court did not have the authority to dismiss an action for reasons of administrative control. *Id.* We held that T.R. 41(E) applied to violations of orders of the court pursuant to the trial rules, as well as to violations of one of the trial rules. *Id.*

Other jurisdictions have decided similarly. *National Union of Marine Cooks and Stewards v. Arnold*, 348 U.S. 37, 75 S.Ct. 92, 99 L.Ed. 46 (1954), was a case involving the dismissal of an appeal in the Washington supreme court taken by the union from a money judgment rendered against it. In that case, the Washington superior court in proceedings supplemental ordered the union to deliver bonds in its possession in another state, California, to the receiver in Washington for safekeeping. After a period of time, the superior court found the union in contempt of court for failing to deliver the bonds to the receiver as ordered by the court. The Washington supreme court struck from its

calendar the union's appeal on the merits, but conditioned its action upon a review of the contempt adjudication and the purging of contempt by the union. The Washington supreme court affirmed the adjudication of contempt and restated that the appeal on the merits would be dismissed unless the union purged itself of contempt within fifteen days. After several months the Washington supreme court ordered the union's appeal dismissed. The United States Supreme Court held that the state court did not deny due process of law to the union by dismissing its appeal. 75 S.Ct. at 96. The Court held that it is an exercise of a state court's inherent power to use its processes to induce compliance with an order. *Id.* The Court noted that the union was given additional time in which to purge itself of contempt before dismissal would result.

In *Campbell v. Justices of Superior Court,* 187 Mass. 509, 73 N.E. 659, 660 (1905), the supreme court of Massachusetts held that the misconduct of a plaintiff that is treated as contempt of court sometimes is of such a nature that it would be unfair to the defendant to allow the case to proceed on the merits. The court held that a plaintiff who is in contempt of court cannot go on with his case against the defendant as a matter of right. *Id.*

In the present case, we note that the trial court provided Meyer with notice that failure to comply with its order would result in a finding of contempt and dismissal of the cause of action. Further, after Meyer failed to comply with the order, the trial court provided Meyer with additional time in which to purge himself of contempt of court. Meyer did not take advantage of that additional time and remained in contempt of the court's order. The trial court entertained Meyer's argument made in justification of his non-compliance with the order and instructed Meyer to comply as that argument was unpersuasive.

We believe that the trial court went to great lengths to obtain Meyer's compliance by other means prior to using its power to dismiss the cause of action. The trial court heard arguments from both sides, issued a warning to Meyer, and provided additional time for compliance. The trial court did not abuse its discretion by finding Meyer in contempt of court and dismissing his cause of action.

## CONCLUSION

The trial court did not err in finding Meyer in contempt of court and dismissing his case. The trial court's order was specific and clear about what the parties were to do, namely close on the real estate transaction. After having sought specific performance of the agreement, Meyer chose not to perform when the time for performance came. Meyer chose to create his own pre-condition for closing the transaction, thereby violating the trial court's order.

Affirmed.

NAJAM, J., and MATTINGLY, J., concur.