**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT *PRO SE*:

**WARREN PARKS**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WARREN PARKS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 81A01-1201-CR-19 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE UNION CIRCUIT COURT
The Honorable Matthew R. Cox, Judge
Cause No. 81C01-0608-FD-210

**August 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Warren Parks appeals following the issuance of an order by the trial court holding him in contempt of court. On appeal, Parks contends that (1) his underlying theft convictions violate constitutional prohibitions against double jeopardy; (2) the trial court abused its discretion in denying his motion to dismiss, which was based on the State's alleged failure to bring him to trial within one year as is required by Indiana Rule of Criminal Procedure 4(C); and (3) the trial court abused its discretion in finding him in contempt of court. On cross-appeal, the State argues that the first two issues raised by Parks in the instant appeal should be dismissed because Parks is not entitled to a second direct appeal of those issues. Alternatively, the State argues that Parks's underlying theft convictions do not violate prohibitions against double jeopardy and that the trial court did not abuse its discretion in denying Parks's motion to dismiss or in holding Parks in contempt of court. We affirm.

## FACTS AND PROCEDURAL HISTORY

Our opinion in Parks's first direct appeal instructs us as to the underlying facts leading to this successive direct appeal:

> In August 2006, the State charged Parks with four counts of theft as class D felonies under cause number 81C01–0608–FD–210 ("Cause No. 210"). That same month, the State charged Parks with four counts of theft as class D felonies under cause number 81C01–0609–FD–253 ("Cause No. 253"). Parks entered a plea agreement that addressed both Cause No. 210 and Cause No. 253. Specifically, Parks pled guilty to two counts of theft as class D felonies under Cause No. 210 and two counts of theft as class D felonies under Cause No. 253. The plea agreement stated that "[o]n each Count in each cause number [Parks] shall be sentenced to a period of incarceration of Three (3) years, with One (1) year suspended and placed on probation for the suspended portion of the sentence, with terms and conditions of probation to be determined by the Court." Appellant's Appendix at 11. The trial court

2

accepted the plea agreement and sentenced Parks accordingly.

*Parks v. State*, No. 81A04-0810-PC-600 (Ind. Ct. App. January 14, 2009). In addition, Parks was ordered to pay $956.63 in restitution.

On October 1, 2008, Parks filed a consolidated appeal in which he claimed that the trial court erred in denying his motion to reject his plea agreement, his convictions violated prohibitions against double jeopardy, and the imposed probation transfer fee violated the Equal Protection Clause. We issued a memorandum decision on January 14, 2009, affirming the trial court.

Parks filed a second notice of appeal on January 4, 2012. The trial court dismissed the January 4, 2012 notice of appeal. On January 20, 2012, Parks filed an answer to the trial court's ordering dismissing the January 4, 2012 notice of appeal. That same day, the trial court issued an order finding Parks "in direct contempt of court for the contents of the pleading" and sentenced him to six months in the Union County Jail. Appellant's App. p. 16. Parks filed a third notice of appeal on February 21, 2012, in which he levied a challenge to the trial court's contempt finding. This appeal follows.

## DISCUSSION AND DECISION

Parks contends that his underlying theft convictions violate prohibitions against double jeopardy, the trial court abused its discretion in denying his motion to dismiss, and the trial court abused its discretion in finding him in contempt of court. Again, on cross-appeal, the State argues that the first two issues raised by Parks in the instant appeal because Parks is not entitled to a second direct appeal of those issues. Alternatively, the State argues that

3

Parks's convictions do not violate the prohibitions against double jeopardy and that the trial court did not abuse its discretion in denying Parks's motion to dismiss or in holding him in contempt of court.

### I. Whether Parks's Underlying Theft Convictions Violate the Prohibitions Against Double Jeopardy

Parks claims that his underlying theft convictions violate the prohibitions against double jeopardy. Parks, however, unsuccessfully raised this claim in his prior direct appeal. As a general rule, when this Court decides an issue on direct appeal, the doctrine of *res judicata* applies, thereby precluding its review in successive appeals or post-conviction proceedings. *See Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000). The doctrine of *res judicata* prevents the repetitious litigation of that which is essentially the same dispute. *See id*. Thus, because Parks unsuccessfully raised his double jeopardy claim in his prior direct appeal, we conclude that the claim is barred by the doctrine of *res judicata*. *See id*. Parks, therefore, cannot raise this issue in his instant appeal and is not entitled to relief on this ground.

### II. Whether the Trial Court Abused its Discretion in Denying Parks's Motion to Dismiss

Parks also claims that the trial court abused its discretion in denying his motion to dismiss because the State failed to bring him to trial within one year as required by Indiana Rule of Criminal Procedure 4(C). We note, however, that although this issue was arguably available during his first direct appeal, Parks now raises this issue for the first time. Where an issue was available but not presented on direct appeal, any claims relating to said issue is

forfeited on successive appeals and post-conviction review. *See id.* Furthermore, even if

Parks could raise this issue in the instant successive direct appeal, Parks has waived this issue

by virtue of pleading guilty. *See Hornyak v. State*, 548 N.E.2d 841, 841-42 (Ind. Ct. App.

1990) (providing that once a defendant pleads guilty, he waives his right to a trial and,

accordingly, any claim relating to the timeliness of said trial). As such, Parks is not entitled

to any relief on this ground.

### III. Whether the Trial Court Abused its Discretion in Holding Parks in Contempt

Finally, Parks claims that the trial court abused its discretion in holding him in

contempt of the court.

> "Whether a person is in contempt of a court order is a matter left to the trial
> court's discretion." *Evans v. Evans*, 766 N.E.2d 1240, 1243 (Ind. Ct. App.
> 2002) (citing *Meyer v. Wolvos*, 707 N.E.2d 1029, 1031 (Ind. Ct. App. 1999),
> *trans. denied*.) We will reverse the trial court's finding of contempt only
> where an abuse of discretion has been shown, which occurs only when the trial
> court's decision is against the logic and effect of the facts and circumstances
> before it. *Id.* When we review a contempt order, we neither reweigh the
> evidence nor judge the credibility of the witnesses. *MacIntosh v. MacIntosh*,
> 749 N.E.2d 626, 629 (Ind. Ct. App. 2001), *trans. denied*.

*Mitchell v. Mitchell*, 785 N.E.2d 1194, 1198 (Ind. Ct. App. 2003).

The record demonstrates that the trial court found Parks in "direct contempt of court

for the contents of" his "Answer To [the trial court's] Order Dismissing [Parks's second]

Notice of Appeal." Appellant's App. p. 16. Parks, however, has failed to provide this court

with copies of any of the documents relating to the trial court's decision to find Parks in

contempt of court, including his second notice of appeal, the trial court's order dismissing

said notice of appeal, and his answer to the trial court's order. In light of Parks's failure to

5

provide this court with these documents, we are unable to determine why Parks was held in contempt, and accordingly cannot determine whether the trial court's decision was against the logic and effect of the facts and circumstances before it. As such, we conclude that Parks is not entitled to relief on this ground.[1]

The judgment of the trial court is affirmed.

ROBB, C.J. and BAKER, J., concur.

---

[1] Furthermore, to the extent that Parks claims that the trial court abused its discretion in imposing fines and restitution without first holding a hearing to determine whether Parks had the ability to pay said fines and restitution, we note that Parks has presented no evidence demonstrating that the trial court failed to inquire into Parks's ability to pay the imposed fines and restitution. In addition, the record demonstrates that Parks, although indigent, was able to pay some toward the imposed fines and restitution as he made approximately nine payments toward said fines and restitution between April 29, 2009, and July 28, 2010.