**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 22 2013, 8:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| C.M., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1209-JV-757 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gary Chavers, Magistrate
Cause No. 49D09-1010-JD-2878

**March 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

C.M. appeals the trial court's order finding him in indirect contempt of court. C.M. raises a single issue for our review, which we restate as whether the trial court abused its discretion when it found C.M. in contempt. We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 22, 2010, C.M. pleaded guilty to child molesting, as a Class B felony if committed by an adult. The juvenile court accepted C.M.'s guilty plea and ordered him to serve time in the Department of Correction. Upon his release in August of 2011, the juvenile court resumed jurisdiction over C.M. and ordered him to serve time on probation. Along with other conditions of C.M.'s probation, the trial court restricted where C.M. could go, required C.M. to participate in drug screens, and required C.M. to continue sex offender treatment.

On April 16, 2012, the probation department filed a petition for modification of the conditions of C.M.'s probation. In its petition, the probation department alleged that C.M had failed to report for a drug test on April 13. The probation department filed a second petition for modification on June 7, in which the department alleged that C.M. had failed to report for a drug test on May 25 and also had been unsuccessfully discharged from Outpatient Sex Offender Counseling. The department filed a third petition on June 25, alleging that C.M. had failed to provide a sample for drug screening on June 8 and that he had "failed to comply with Independent Living through The Villages." Appellant's App. at 188.

2

At a hearing on July 13, C.M. admitted to the probation department's allegations in its June 25 petition. C.M. informed the court that he "simply didn't have the money" to pay for the drug screen. Transcript at 5. In exchange for this admission, the probation department moved to dismiss the April 16 and June 7 petitions. The court granted the department's motion and ordered C.M. to wear a GPS monitoring device.

On August 3, the probation department filed a fourth petition for modification, in which the department alleged that C.M. had failed to provide a sample for drug screening on July 31 and failed to report for a drug test on August 2. The department also alleged that C.M. had left his home on July 24 and 25 without authorization.

At a hearing on August 8, C.M. admitted the alleged violations, again stating that he could not pay for the drug tests and adding that he did not have a means of getting to the test site. C.M. also stated that he had left his home without authorization to fill out job applications. The court noted that C.M. had failed a drug test that had been taken the day before the hearing. Id. at 15. The court ordered C.M. detained pending disposition on the petition, which the court scheduled for August 24.

On August 15, the court issued a Rule to Show Cause Order informing C.M. that he "may be held in indirect contempt of Court for failing to follow Court orders." Appellant's App. at 212. The court consolidated its hearing on the Rule to Show Cause with the dispositional hearing on the probation department's August 3 petition for modification.

At the ensuing hearing on August 24, C.M. argued that he was not "willfully disobedient" and should not be held in contempt because he could not afford to pay for

the drug screens and his unauthorized leaves were to apply for jobs "to complete another court order." Transcript at 23. The court found C.M. in indirect contempt of court. In particular, the court found that C.M.

> admitted to not following the Court orders by failing to provide a sample to the drug lab on June 8, 2012[,] and July 31, 2012[,] for failing to comply with the terms of Independent Living through the Villages, having unauthorized leaves while on electronic monitoring on July 24, 2012, and failing to report for his scheduled drug screen on August 2, 2012.

Appellant's App. at 221. The court further ordered that C.M. could "purge himself of the contempt . . . by following all Court orders until his next hearing on October 24, 2012."[1] Id. This appeal ensued.

## DISCUSSION AND DECISION

C.M. asserts that the juvenile court abused its discretion when it found him to be in indirect contempt of court. "In order to support a finding of indirect contempt, it must be shown that a party willfully disobeyed a lawfully entered court order of which the offender had notice." Rendon v. Rendon, 692 N.E.2d 889, 896 (Ind. Ct. App. 1998) (citing Mitchell v. Stevenson, 677 N.E.2d 551, 558 (Ind. Ct. App. 1997), trans. denied). "When a person fails to abide by a court's order, that person bears the burden of showing that the violation was not willful." Meyer v. Wolvos, 707 N.E.2d 1029, 1031 (Ind. Ct. App. 1999). Whether a party is in contempt of court is a matter committed to the trial court's discretion. In re Paternity of M.P.M.W., 908 N.E.2d 1205, 1209 (Ind. Ct. App. 2009). "An abuse of discretion 'occurs only when a trial court's decision is against the

---

[1] Generally, an opportunity for the recalcitrant party to purge himself of the contempt is required by law. See K.L.N. v. State, 881 N.E.2d 39, 41 (Ind. Ct. App. 2008). The record does not reflect that the hearing originally scheduled for October 24, 2012, has taken place, and neither party discusses any such hearing on appeal.

logic and effect of the facts and circumstances before it.'" Aaron v. Scott, 851 N.E.2d 309, 314 (Ind. Ct. App. 2006) (quoting Harlan Bakeries, Inc. v. Muncy, 835 N.E.2d 1018, 1040 (Ind. Ct. App. 2005)).

C.M. first asserts that the trial court's Rule to Show Cause Order was defective. It appears that C.M.'s argument on this issue is that the court's order was erroneously premised on the dismissed April 16 and June 7 petitions for modification. We cannot agree with C.M.'s reading of the Rule to Show Cause Order. In it, the juvenile court mentions three of the petitions for modification that had been filed, including the dismissed petitions, but the court then specifically references C.M.'s July 13 and August 8 admissions as the basis for the order. This argument is without merit.

C.M. next asserts that "[t]he court failed to ascertain C.M.'s intent . . . . C.M. lacked a willful intent to hinder the Juvenile Court's Orders." Appellant's Br. at 14. C.M. goes on to emphasize that he violated the court's orders to participate in drug testing only because he could not afford them and that he violated the court's restrictions on his movement only because he was applying for employment as required by another condition of his probation.

C.M.'s argument ignores the record as a whole. While he has proffered rationales for violating two of the court's orders—which we assume for the sake of argument to be accurate—at no point before the juvenile court or on appeal has he proffered any explanation for his admission that he "fail[ed] to comply with the terms of Independent Living through the Villages." See Appellant's App. at 221. The juvenile court expressly relied on this admission when it found C.M. in contempt. Further, we note that C.M.

5

likewise offers no explanation for the facts that he admitted he failed a drug test the day before his August 8 hearing, and that C.M.'s August 8 admissions were the basis for the court's Rule to Show Cause Order. C.M. bore the burden of showing that his violations were not willful. See Meyer, 707 N.E.2d at 1031. He did not meet his burden, and he cannot demonstrate that the court abused its discretion when it found him in contempt.

Finally, C.M. argues that the juvenile court abused its discretion when it "impose[d] purge conditions that cannot be satisfied." Appellant's Br. at 16. This argument appears to be premised on the hypothetical scenario that C.M. will remain unemployed, indigent, and without access to transportation to apply for jobs. We will not say the trial court abused its discretion based on a hypothetical. See, e.g., In re Paternity of M.G.S., 756 N.E.2d 990, 1004 (Ind. Ct. App. 2001) (noting that "problems that are abstract or hypothetical" are "not ripe for judicial review"), trans. denied.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.